PETER HENRY *vs.* KING PHILIP MILLS.

Bristol.    December 1, 1891. — January 7, 1892.

Present: ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Personal Injuries — Dangerous Machinery — Negligence — Due Care.*

The plaintiff, a laborer in the boiler-room of the defendant's mill, was told by the engineer to clean the engine, and the fireman was sent to show him how to do so, and cleaned it for a week in the plaintiff's presence while in motion and at rest. After the plaintiff had himself cleaned the engine for about a week, while cleaning it in motion, of which he knew the danger, he put his hand out of sight in behind a cut-off on the cylinder, and his fingers were caught and injured. *Held*, that these facts failed to show due care on the part of the plaintiff, or a want of care on the part of the defendant, or of any person's exercising superintendence for the defendant, or any lack of suitable instructions to the plaintiff.

TORT, for personal injuries occasioned to the plaintiff, while in the defendant's employ and engaged in cleaning its engine, by having a finger caught therein by reason of the alleged negligence of the engineer, " a person in the service of the defendant intrusted with and exercising superintendence," and of the negligence of the defendant in failing to instruct or warn him of the danger of cleaning certain parts of the engine.

At the trial in the Superior Court, before *Hopkins*, J., there was evidence that the plaintiff was about forty-four years old, and of average intelligence. The plaintiff testified that he went to work for the defendant wheeling coal to the boilers; that after he had worked there about a week the engineer told him to clean the engine, and sent one Burns, the fireman, to show him how to clean it; that he could not clean all the parts of the engine while it was in motion, but cleaned the piston rod while the engine was stopped; that after doing the cleaning twice a day for about a week, he proceeded to clean the engine while it was in motion, and in doing so put his hand in behind a cut-off on the outside of the cylinder to wipe the oil off from it, and his finger was caught between the jim-crank and crab-claw of the cut-off and taken off; that he could not see in behind the cut-off although looking right at the spot he was going to clean; and that he was not cautioned about the particular spot where his finger was caught.

On cross-examination the plaintiff further testified that the engineer in sending Burns to show him how to clean the engine said to the plaintiff, " Take particular notice how he is cleaning the engine, you will have to do it yourself in a few days "; that he went and watched Burns while he wiped it; that Burns cleaned the engine in his presence twice a day for a week; and that he knew there was more danger in cleaning running machinery than there was in cleaning machinery at a standstill; and in response to further questions testified as follows: " *Q.* If anybody had told you to put your finger between the crab-claw and the jim-crank as the jim-crank dropped down, would you have done it? *A.* I would not have done it. *Q.* Why not? *A.* Because I knew it would snap my finger off. I knew it would cut my finger off if I did it. When the engine stopped I cleaned that part where I got caught, every bit of it. I cleaned every bit when it was stopped that I cleaned when it was in motion."

The judge ruled that, upon the evidence in the case, the plaintiff could not maintain his action, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. J. McDonough*, for the plaintiff.

*A. J. Jennings*, for the defendant.

ALLEN, J.    The evidence fails to show due care on the part of the plaintiff, or a want of care on the part of the defendant, or of any person exercising superintendence for the defendant, or any lack of suitable instructions to the plaintiff.

*Exceptions overruled.*